Filed 9/11/25  P. v. Reynolds CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B336551 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA122815) |
| v. | |
| HAISANI REYNOLDS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Haisani Reynolds, in pro. per.; and Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A jury convicted Haisani Reynolds of first degree murder with true findings on premeditation and principal gun use allegations.  Thereafter, Reynolds petitioned for resentencing under Penal Code section 1172.6,[1] which limited accomplice liability for some murder-related crimes.  The trial court denied the petition at the prima facie stage on the ground that the record of conviction established Reynolds was not convicted under an invalid theory.  Reynolds appeals from the order denying his petition.  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and Reynolds filed a supplemental brief.  We affirm the order denying Reynolds's petition.

## BACKGROUND

Reynolds was a member of the 11 Deuce Neighborhood gang.[2]  On the night of March 12, 2012, Reynolds, fellow gang

---

[1]     All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

[2]     We derive the background from this court's opinion affirming Reynolds's judgment of conviction, *People v. Reynolds* (Aug. 11, 2015, B247784) [nonpub. opn.].  (See *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*) [appellate opinion generally part of record of conviction in § 1172.6 proceedings].)  We reference the evidence described therein only "for background purposes and to provide context for the parties' arguments." (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2, disapproved on another ground in *People v. Patton* (2025) 17 Cal.5th 549, 569.)  We do not rely on these facts in assessing whether the trial court properly concluded that Reynolds failed to

2

member Terrance Bell, and "Ace" were at a gas station. Mark Lewis was also there, buying gas. Reynolds asked Lewis where he was from. When Lewis answered he was from " 'Avalon,' " Bell retrieved a gun. A witness heard multiple gun shots, saw Reynolds kick Lewis in the head, and heard Reynolds yell, " 'Neighborhood.' " Lewis's girlfriend, who was with him at the gas station, said that after Lewis said he was from Avalon, Reynolds said, " 'Get that nigga, cuz,' " and the man with a gun shot Lewis. Reynolds then stomped on the fallen Lewis three or four times, saying, " 'Fuck Avon.' " Thereafter, a witness overheard Reynolds telling someone over the phone, " 'The nigga act like he was challenging me, cuz. He told me he was from Avalon. And so I told that boy—bust on this bitch ass.' " (*People v. Reynolds*, *supra*, B247784.)

A jury convicted Reynolds of first degree murder with true findings on premeditation, principal gun use, and gang allegations (§§ 187, subd. (a), 12022.53, subds. (d) & (e)(1), 186.22, subd. (b)(1(C)).[3]

In 2013, the trial court sentenced Reynolds to 25 years to life doubled to 50 years to life under the Three Strikes law based on a prior conviction found true, plus 25 years to life for the gun enhancement.

In 2022, Reynolds filed a form section 1172.6 petition for resentencing. The trial court appointed counsel for him and directed the People to file a response. In a written response, the

---

make a prima facie showing of eligibility for resentencing. (*Flores*, at p. 988.)

[3]      Bell was tried separately. (*People v. Bell* (Oct. 27, 2015, B255356) [nonpub. opn.].)

People argued that Reynolds was not prosecuted under felony murder or natural and probable consequences theories or any other theory under which malice could have been imputed to him. Instead, he was prosecuted as an aider and abettor who acted with actual malice. The People attached the opinion affirming Reynolds's judgment on direct appeal, verdicts, and CALCRIM Nos. 400, 401, 500, 520, and 521, which were given to the jury.

On January 23, 2024, the trial court denied the petition. The trial court found that Reynolds was not prosecuted under a now-invalid theory. His conviction instead was "based on intent to kill" "based on aiding [and] abetting." The trial court further noted that Reynolds was convicted of first degree murder with a premeditation finding. Accordingly, the trial court found that Reynolds had not established a prima facie case for relief.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) and subsequent related legislation limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)

Senate Bill 1437 added section 188, subdivision (a)(3), which provides that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime." Senate Bill 1437 also amended the felony-murder rule by adding section 189, subdivision (e), which provides that a

4

participant in the perpetration of qualifying felonies is liable for felony murder only if the person (1) was the actual killer, (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor, or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*Gentile*, *supra*, 10 Cal.5th at p. 842.)

Senate Bill 1437 created a procedure, codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if the person could no longer be convicted of those crimes under current law. (*Lewis*, *supra*, 11 Cal.5th at p. 959; *Gentile*, *supra*, 10 Cal.5th at p. 847.) A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of murder under current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

At this prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In determining whether the petitioner has made a prima facie case for relief, the trial court may look at the record of conviction, including jury instructions, verdicts and closing argument, to determine readily ascertainable facts such as the crime of conviction. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.) If at the prima facie stage the record of conviction establishes that the petition is meritless, the trial court may dismiss it. (*Lewis*, at p. 971.) To deny a petition at the prima facie stage, the record of conviction must

demonstrate the petitioner is ineligible for relief as a matter of law. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

The record of conviction establishes that Reynolds was ineligible for resentencing as a matter of law. Reynolds's jury was not instructed on felony murder or the natural and probable consequences doctrine. Instead, the trial court instructed the jury on direct aiding and abetting with CALCRIM Nos. 400 and 401. Direct aiding and abetting remains a valid theory of murder after the passage of Senate Bill 1437. (*Gentile, supra,* 10 Cal.5th at p. 848.)

The trial court also instructed the jury with CALCRIM No. 521 on first degree murder. The instruction provided that "the defendant" acted willfully "if he intended to kill," deliberately if "he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill," and with premeditation "if he decided to kill before completing the act that caused death." Because the jury found the premeditation allegation true, the jury necessarily found Reynolds, who was the sole defendant charged with murder in the information, had express malice. (See *In re Lopez* (2023) 14 Cal.5th 562, 579 [when an aider or abettor who acts with personal mens rea of premeditation and deliberation, knowingly and intentionally assists another to kill someone, aider and abettor is guilty of first degree premeditated murder]; *People v. Mumin* (2023) 15 Cal.5th 176, 190 ["To elevate that offense [of second degree murder] to murder in the first degree on a malice theory, the defendant must act with a specific intent to kill that is formed willfully, deliberately, and with premeditation."].) Reynolds therefore is not eligible for relief under section 1172.6. (§ 188, subd. (a)(1) & (3).)

As for arguments Reynolds raises in his supplemental brief, they appear to concern alleged error at his trial, including sufficiency of the evidence that he was the shooter or an aider and abettor, the credibility of trial witnesses, and admission of "false" evidence. However, a section 1172.6 petition is not a vehicle to relitigate alleged trial errors. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition doesn't afford petitioner new opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].) These issues therefore are not properly before us.

## DISPOSITION

The order denying Haisani Reynolds's Penal Code section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                               EDMON, P. J.

We concur:

EGERTON, J.                                        HANASONO, J.

7